IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BETH LOUISE EVANS | * | |
| | * | |
| v. | * | Civil Case No. CCB-17-250 |
| COMMISSIONER, SOCIAL SECURITY[1] | * | |

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 5]. I have considered the Social Security Administration's ("SSA's") motion for summary judgment. [ECF No. 20]. Although Ms. Evans, who appears *pro se,* sought and received an extension of time to respond to the motion, (ECF No. 22), she did not file a response by the extended deadline. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that the SSA's motion be granted, and that the SSA's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. Evans filed an application for Disability Insurance Benefits ("DIB") on May 6, 2013,

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

1

alleging disability beginning on November 26, 2012. (Tr. 158-61). Her date last insured was December 31, 2012, meaning that she had to establish disability within roughly a one-month window to qualify for benefits. (Tr. 31, 163). Her application was denied initially and on reconsideration. (Tr. 104-07, 109-10). After an initial hearing was postponed to permit Ms. Evans to retain counsel, (Tr. 81-90), an Administrative Law Judge ("ALJ") held a hearing on September 3, 2015. (Tr. 39-80). Following the hearing, the ALJ determined that Ms. Evans had not established a medically determinable impairment during the relevant one-month time frame. (Tr. 31-34). The Appeals Council denied Ms. Evans's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency. Ms. Evans filed the instant lawsuit on January 27, 2017, challenging the SSA's determination. [ECF No. 1].

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law in the sequential evaluation. The ALJ ruled in Ms. Evans's favor at step one, and determined that she did not engage in substantial gainful activity between her alleged onset date and her date last insured. (Tr. 33); *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, however, the ALJ concluded that, "[t]hrough the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." (Tr. 33) The ALJ cited SSR 96-4p, which, at the time of

Ms. Evans's claim, stated, "No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment." SSR 96-4P, 1996 WL 374187, at *1 (S.S.A. July 2, 1996)  The claimant bears the burden of proof at the first four steps of the sequential evaluation, including the step two requirement of demonstrating a medically determinable impairment. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (noting that the burden rests with the claimant, through the first four steps of the sequential evaluation, to present evidence establishing disability during the relevant period).

A full review of the limited medical record in this case substantiates the ALJ's conclusion. There are no medical records during the relevant one-month window. There are no medical records closely pre-dating, or within the weeks immediately following, the relevant window. There is a short statement from a one-time examining physician, Dr. Paul Snow, who did not see Ms. Evans until almost six months after her date last insured, and did not provide any laboratory findings to support his assertions. (Tr. 251). Ms. Evans's subsequent treatment records do not begin until much later in 2013. (Tr. 252-279). The only earlier records discussing Ms. Evans's mental health impairments significantly pre-date (by several years) the relevant window in this case. (Tr. 280-85).

Ultimately, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Due to the absence of medical records to establish a medically determinable impairment in November or December of 2012, the ALJ's conclusion must be affirmed.

3

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment [ECF No. 20];

2. the Court AFFIRM the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g); and

3. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: July 26, 2018                                /s/
                                                    Stephanie A. Gallagher
                                                    United States Magistrate Judge